***********
The Full Commission is addressing only the limited issues on remand. The North Carolina Court of Appeals instructed the Full Commission to make its findings of fact consistent with its conclusions of law regarding Plaintiff's right shoulder injury, and to determine the amount of reasonable attorney's fees to be paid on behalf of Plaintiff under N.C. Gen. Stat. § 97-88. Based upon the competent evidence of record, the Full Commission amends its prior Opinion and Award as follows:
The language in Finding of Fact number 13 is hereby MODIFIED to include the following sentence at the end of paragraph 13:
 13. In addition, there is a substantial likelihood that Plaintiff will need further treatment that may include an arthrodesis or ankle fusion.
The language in Finding of Fact number 14 is hereby STRICKEN, and the following language is hereby SUBSTITUTED in its place: *Page 2 
 14. Plaintiff failed to prove that his right shoulder complaints are causally related to his June 28, 2007 work injury. The first medical record documenting treatment to Plaintiff's right shoulder is dated January 24, 2008. Plaintiff did not tell the physicians treating his right ankle that his right shoulder pain started at the time of his June 28, 2007 work injury or resulted from the work injury. In fact, when Plaintiff saw Dr. Jonathan Douglas Chappell, the orthopaedist who treated his right shoulder, on November 17, 2008, Dr. Chappell noted that Plaintiff told him that the right shoulder was "more of a nagging injury over the last year," indicating an onset no earlier than November 2007. Plaintiff did not tell Dr. Chappell that his right shoulder problems started on or soon after June 28, 2007. The testimony of Dr. Chappell on direct examination establishes, at best, a temporal relationship between Plaintiff's right shoulder complaints and his June 28, 2007 work injury. However, on cross-examination, Dr. Chappell testified that the assumption regarding an alleged temporal relationship between Plaintiff's right shoulder complaints and the June 28, 2007 work injury was "all he could go on," and that he could not define causality because "[a]ll I'm doing is seeing the patient approximately a year and a half after his injury." The following exchange then took place between Defendant's counsel and Dr. Chappell:
 Q. So when you say you can't define causality, would it be your testimony today, then, that you cannot state to a reasonable degree of medical probability, one, what is wrong with his shoulder, and two, whether or not it's related to the motor vehicle accident?
 A. That's correct.
Finding of Fact number 27 is ADDED and shall read as follows:
 27. With respect to attorney's fees under § 97-88 of the North Carolina General Statutes which the North Carolina Court of Appeals awarded, Plaintiff submitted an Affidavit indicating that his counsel expended 34 hours defending Defendant's appeal. Defendant disputes the portions of the Affidavit enumerating time the parties spent with settlement negotiations during the pendency of Defendant's appeal, totaling five and one-half hours. The Full Commission is not considering the disputed five and one-half hours in its calculation of reasonable attorney's fees.
Conclusion of Law number 7 is ADDED and shall read as follows: *Page 3 
 7. Pursuant to the directive of the North Carolina Court of Appeals, Plaintiff is entitled to attorney's fees as a part of the costs of defending Defendant's appeal to the North Carolina Court of Appeals. Considering the time expended, results achieved, and other relevant factors, the Full Commission concludes that an attorney's fee award of $6,412.50 is reasonable. N.C. Gen. Stat. § 97-88 (2010).
Award number 5 is ADDED and shall read as follows:
 5. Plaintiff's counsel is hereby awarded attorney's fees associated with defending Defendant's appeal to the North Carolina Court of Appeals in the amount of $6,412.50, pursuant to § 97-88 of the North Carolina General Statutes.
Except as amended, the January 6, 2010 Full Commission Opinion and Award shall remain in full force and effect.
This the __ day of April 2011.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ STACI T. MEYER COMMISSIONER
 S/___________________ DANNY LEE McDONALD COMMISSIONER *Page 1